AMERICAN–ARAB ANTI–DISCRIM-
INATION COMMITTEE; et al.,
Plaintiffs,

v.

John ASHCROFT; et al., Defendants.

No. 02–1200 AHS.

United States District Court,
C.D. California,
Southern Division.

Jan. 15, 2003.

Peter A. Schey, Carlos Holguin, Los
Angeles, CA, for Plaintiffs.

Ashley Tabaddor, Asst. U.S. Atty., Office of U.S. Attorney Civil Division, Los Angeles, CA, for Defendants.

## MEMORANDUM OPINION ON ORDER DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER

STOTLER, District Judge..

### I.

### *RULING*

On January 9, 2003, the Court denied plaintiffs' Amended Application for Temporary Restraining Order which sought to enjoin the Immigration and Naturalization Service ("INS") (1) from removing any individual who has registered or will register under the Special Registration Procedure for Certain Non-immigrants (SRPCN), who entered the United States under the Visa Waiver Program, but who has a pending application for lawful immigration status, and (2) from arresting without a warrant any individual who has registered or will register under the SRPCN but as to whom there has been no showing of an individualized determination that the registrant is likely to flee or abscond.

At no time have plaintiffs challenged the lawfulness or constitutionality of the SRPCN itself. In fact, plaintiffs have expressed agreement that an effective registration program is in their best interests as well as those of the INS. (Rep. Tr. at 13–14; Am. Application for T.R.O. and Order to Show Cause re Prelim. Inj. at 1). It became evident that the special registration procedures merely offer the opportunity for the removals and arrests to occur since the out-of-compliance aliens appear in the INS offices and are then found to be subject to removal or detention.

The Court found that plaintiffs did not carry their burden to justify the relief sought. First, there is a serious question about the district court's jurisdiction. *See* 8 U.S.C. § 1252(g). Even so, plaintiffs failed to establish entitlement to an injunction that overrides the INS's broad, discretionary authority to review and remove out-of-status aliens who entered the United States under the Visa Waiver Program. Second, and assuming jurisdiction is vested in the district court, plaintiffs made no showing that the Los Angeles INS agents failed to make individual determinations of flight risk in violation of the legal standards for warrantless arrest of aliens who have violated immigration law or are otherwise illegally present in the United States. As such, plaintiffs' evidence and legal arguments did not justify the requested remedies.

### II.

### *PROCEDURAL BACKGROUND*

On December 24, 2002, plaintiffs filed an Application for Temporary Restraining Order and Order to Show Cause in re Preliminary Injunction. Defendants filed opposition on December 26, 2002. On December 30, 2002, plaintiffs provided a status report requesting a stay of decision pending further notice.[1] On December 31, 2002, defendants filed a status report concerning the impending removal of DOE 1.

On January 6, 2003, plaintiffs filed an Amended Application for Temporary Restraining Order and Order to Show Cause in re Preliminary Injunction. Defendants filed opposition on January 8, 2003. The motion came on for hearing on January 9,

---

**1.** This document does not appear on the docket but was forwarded to chambers with other filings generated by plaintiffs. It suggests that ongoing discussions between the parties might resolve the conflicts.

2003, after which the Court issued an oral ruling denying relief to plaintiffs. The Court made it clear that the hearing on the Temporary Restraining Order application was concerned solely with the individual plaintiffs[2] and not whether all plaintiffs had standing or whether plaintiffs could maintain a class action. Upon issuance of the ruling from the bench, the parties waived further findings of fact and conclusions of law. (Rep. Tr. at 64). This memorandum opinion provides a brief reiteration of the issues raised and arguments made.

## III.

### DISCUSSION

Plaintiffs' amended application requests: (1) an injunction against the removal or detention of DOE 1 and any individual who has registered or will register under the SRPCN, 67 Fed.Reg. 52584 (August 12, 2002), and who entered the U.S. under the Visa Waiver Program, 8 U.S.C. § 1187, but who has a pending application for lawful immigration status; and (2) an injunction against the arrest without warrant of any individual who has registered or will register under the SRPCN where there has been no showing of an individualized determination that the registrant is likely to flee or abscond. (Am. Application for T.R.O. and Order to Show Cause re Prelim. Inj. at 1; Proposed T.R.O. and Order to Show Cause re Prelim. Inj.).

■ As is the case with all applicants before the Court, and as plaintiffs acknowledge, the individual plaintiffs are out of compliance with immigration law. They seek to enjoin the Attorney General's exercise of discretion in removing or arresting without warrant these individuals. To obtain injunctive relief, a plaintiff must show either: "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of a serious question going to the merits and the balance of hardships tipping in [plaintiff's] favor." *S.O.C. Inc. v. County of Clark*, 152 F.3d 1136, 1142 (9th Cir.1998).

### A. Visa Waiver Program Entrants with Pending Applications for Lawful Status

■ Title 8 U.S.C. Section 1187, the Visa Waiver Program, allows certain nonimmigrants from designated countries to enter the United States for a short period of time without a visa. Entrants under the Visa Waiver Program waive the right to immigration proceedings related to their removal. 8 C.F.R. § 217.4(b)(1). Plaintiffs do not demonstrate that entrants under the Visa Waiver Program are entitled to an injunction preventing their removal pending adjustment of their status.

There is no question that the plaintiffs who have entered the United States under 8 U.S.C. § 1187 are out of status. The individuals have overstayed, in most cases, several years beyond the period allowed by the Visa Waiver Program. Based on the language of § 1187, they would appear to be immediately removable.

■ Plaintiffs have made a clear showing that Visa Waiver entrants are entitled to apply for adjustment of status or to initiate proceedings to adjust status. Defendant does not dispute that the plaintiffs

---

**2.** The parties dispute whether plaintiffs' attorneys have made disclosure about the true identities of the DOE plaintiffs whose individual predicaments are described in detail in the papers filed with the Court. (Rep. Tr. at 41; Defs.' Opp. to Am. Application for T.R.O. and Order to Show Cause re Prelim. Inj. at 2). The Court file has names disclosed on the Certification and Notice of Interested Parties filed December 24, 2002, but service of this document is not substantiated by the file.

do have applications on file. But, the existence of a pending application for lawful status does not confer a right to stay or to defer removal. The adjustment of the status of an alien with a pending application who has fulfilled certain requirements lies in the discretion of the Attorney General. 8 U.S.C. § 1255(a). The pendency of an alien's petition alone does not warrant a stay of removal. *Tongatapu Woodcraft Hawaii, Ltd. v. Feldman,* 736 F.2d 1305, 1308 (9th Cir.1984).

Moreover, plaintiffs do not demonstrate irreparable injury. While the deportation or removal of an individual is a serious consequence, it appears to be the very consequence the law contemplates. A legal consequence under the law has not been shown to constitute an irreparable injury.

### B. Warrantless Arrest of SPRCN Registrants

 Title 8 U.S.C. Section 1226 authorizes the arrest of certain aliens, stating, "On warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Title 8 U.S.C. Section 1357 authorizes the arrest without warrant in limited circumstances.

Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant—to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Title 8 C.F.R. Section 287.3 establishes a procedure for reviewing the determination of the warrantless arrest and continuation of custody.

Plaintiffs do not contest the first prong of the § 1357(a) analysis. As stated, each individual plaintiff was illegally present in the United States and therefore subject to arrest. However, plaintiffs do contend that the mass of arrests that were made necessarily means that no individual determinations were made about the detained immigrants' likelihood of escape. Plaintiffs show, and defendant does not deny, that there were, in fact, numerous arrests made during the registration process. (Am. Application for T.R.O. and Order to Show Cause re Prelim. Inj. at 22). The fact of numerous arrests does not negate the existence of individualized determinations of risk of flight or absconding in any given case. Plaintiffs could not make any showing that the Los Angeles Regional INS office and its agents did not comply with the second prong of the requirements for arrest without warrant. Plaintiffs offered no facts that prove that INS agents failed to make individual judgments as to risk of flight or absconding. The inference is to the contrary, for it is not disputed that numerous SRPCN registrants appeared before the INS, registered, and left without arrest or detention.

Plaintiffs made no contention that the INS failed to follow proper post-arrest procedures for arrests without warrant once persons were, in fact, taken into custody.

In sum, plaintiffs failed to demonstrate that the Los Angeles Regional INS office's arrest procedures during the SRPCN did not comply with the law. As discussed during the hearing, the requested injunction would merely remind the INS of the applicable standards already embodied in the law. (Rep. Tr. at 24–28). There is no showing that the administrative process for review of warrantless arrests is inoperative or that bail or bond has not been allowed in proper cases.

## IV.

### *CONCLUSION*

Plaintiffs have not shown a likelihood of success on the merits and the possibility of irreparable injury or the existence of a serious question going to the merits and the balance of hardships tipping in plaintiffs' favor as to either the removal of individual Visa Waiver entrants with pending applications for legal status or the potential arrest without warrant of individuals registering under the SRPCN. Accordingly, plaintiffs' application for a temporary restraining order, and the concomitant request for an order to show cause for a preliminary injunction, are denied.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action.