IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 5, 2013

## TONY VON CARRUTHERS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No.  P-25948     John Fowlkes, Jr., Judge**

**No.  W2012-01473-CCA-R3-PD  - Filed August 1, 2013**

In 1996, Petitioner, Tony Von Carruthers, was convicted of three counts of first degree murder and sentenced to death on each count by a Shelby County Jury. *See State v. Carruthers*, 35 S.W.3d 516, 523 (Tenn. 2000).  Petitioner subsequently sought post-conviction relief for, inter alia, ineffective assistance of pretrial counsel for failing to retain an expert in the field of deoxyribonucleic acid ("DNA") analysis. *See Tony Carruthers v. State*, No. W2006-00376-CCA-R3-PD, 2007 WL 4355481, at *1 (Tenn. Crim. App., at Jackson, Dec. 12, 2007), *perm. app. denied*, (Tenn. May 27, 2008).  After a hearing, the post-conviction court denied relief, and this Court affirmed the post-conviction court's judgment. *Id.*  In December of 2011, Petitioner sought to have DNA analysis performed on a vaginal swab and a blanket pursuant to the Post-Conviction DNA Analysis Act of 2001.  The Shelby County Criminal Court denied relief.  Petitioner appeals, arguing that the post-conviction court improperly denied relief.  Because Petitioner did not establish the criteria for ordering DNA analysis under the Act, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROGER A. PAGE, J., joined.

Tony Von Carruthers, Pro Se, Nashville, Tennessee

Robert E. Cooper, Jr., Attorney General and Reporter; James E. Gaylord, Assistant Attorney General; Amy P. Weirich, District Attorney General, and John Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

Petitioner and James Montgomery[1] were convicted of first degree murder for killing Marcellos "Cello" Anderson, his mother Delois Anderson, and Frederick Tucker in Memphis in February of 1994. The men were also convicted of three counts of especially aggravated kidnapping and one count of especially aggravated robbery of Marcellos Anderson. The victims disappeared on the night of February 24, 1994. Their bodies were found buried together approximately one week later in a pit that had been dug beneath a casket in a grave in a Memphis cemetery. Testimony from the medical examiner indicated that although several of the victims suffered from external injuries, including gunshot wounds, prior to their burial, each of the victims was buried alive. Petitioner received three death sentences for the first degree murder convictions. *Carruthers*, 35 S.W.3d at 523-24. Because of his disruptive behavior, Petitioner was required to represent himself at trial. *Id.* at 534-552.

The Tennessee Supreme Court affirmed the convictions and sentences on direct appeal. *Id.* at 523. In December 2001, Petitioner filed a pro se petition for post-conviction relief. Counsel was appointed, and an amended petition was filed. *Tony Carruthers v. State*, 2007 WL 4355481, at *1. Despite representing himself during the majority of the trial, in his post-conviction petition, Petitioner alleged that pretrial counsel were ineffective for failing to conduct any meaningful investigation or preparation for trial, that appellate counsel were ineffective for failing to raise meritorious issues on appeal, and that the prosecution engaged in various acts of prejudicial misconduct. *Id.* at *22. Among Petitioner's complaints about his pretrial counsel was that they were ineffective for failing to retain a DNA expert. *Id.* at *38. At the evidentiary hearing, Petitioner presented evidence to show the following:

> On November 3, 2005, Todd Bille, accepted as an expert in forensic DNA analysis, testified that, in November 2002, he was hired by codefendant James Montgomery to serve as an expert in his case. Bille was asked to examine evidence to determine if there could be potential biological fluids and whether DNA analysis could be performed. Bille examined a total of nineteen items, including Marcellos Anderson's socks, pants, shirt, underwear and belt; Tucker's socks, jeans, belt, shirt, and boots; Delois Anderson's dress and underwear; an unidentified red sock; ties or bindings from Tucker; and a

---

[1] Another defendant, James Montgomery's younger brother, was also originally charged on all counts involved in this case. However, he was found hanged in his cell in the Shelby County jail prior to trial.

section of a white cloth blanket. From the testing done on these items, Bille prepared a summary report in June 2003 and a final report on March 17, 2005.

Bille reported that samples from the white blanket did not match the DNA of any of the victims, the petitioner, or the codefendants. Bille commented that the tests performed on the white blanket could not have been performed at the time of the trial, but similar tests could have been performed with the same results.

*Id.* at *33.

After the evidentiary hearing, the post-conviction court entered an order denying the petition. *Id.* at *34. Among other things, the post-conviction court found that Petitioner "failed to meet the prejudice prong of the *Strickland* test with respect to his ineffective assistance of pretrial counsel claim; failed to show that appellate counsel were deficient for not raising [P]etitioner's listed issues on appeal or that he was prejudiced as a result of the issues not being raised; and failed to show that the prosecution engaged in misconduct or that the alleged misconduct affected the outcome of the trial." *Id.* The post-conviction court noted that any "troubling aspects" during the trial were caused by Petitioner's "own actions in forfeiting his right to counsel." *Id.* The post-conviction court concluded:

The Court has carefully considered all of the petitioner's claims. There are issues related to the trial of this case that give pause, but when analyzed[,] they all come down to the fact that the petitioner represented himself at the trial and the petitioner made some questionable decisions before and during the trial. He is responsible for the negative impact of his own decisions while acting as his own lawyer. . . . Many of the complaints here simply come full circle. It comes down to the consequences of the petitioner having implicitly waived his right to counsel.

*Id.* Specifically with respect to the DNA results, the post-conviction court noted:

The one possible exception to the above is the testimony of Mr. Bille as to the DNA evidence. Here, it appears that the petitioner's theory is that competent counsel would have hired a DNA expert and that this testimony would have been helpful to the petitioner at trial. The testimony of Mr. Bille indicated that there was a blanket-like cloth taken from the grave site[,] and that on this blanket-like cloth[,] blood was found that did not belong to any of the three (3) victims and did not belong to any of the three (3) defendants. The

petitioner asserts that this proof is important and that it is exculpatory and possibly could have [a]ffected the results of the trial. The Court disagrees.

The testimony of Mr. Bille and the DNA results are only very minimally helpful to the petitioner. In no way does this evidence negate all other proof in the case[,] and it is rank speculation to assume that this indicates that a third party might have committed this crime. There is no proof as to the age of the blood, or any explanation of how the blood got on the piece of cloth. This evidence does not carry the prejudice prong of the *Strickland* test.

On appeal from the denial of post-conviction relief, this Court agreed. *Tony Carruthers*, 2007 WL 4355481, at *39. The supreme court denied permission to appeal on May 27, 2008.

In December of 2011, Petitioner filed a "T.C.A. § 40-30-301 Request D.N.A Evidence" on a pre-printed form for a "Motion to Re-open Post-conviction Petition." Petitioner alleged in the petition that in March of 2006, a vaginal swab and blanket were discovered and the "D.A. Office as proof of 'C.O.D.I.S.'[2] matching." Petitioner claimed that the DNA evidence exonerates him because it would exclude him as the source of the DNA material and that if he is not the source of the DNA material he must be innocent of the crime. Petitioner further claimed that other persons have since been identified as the perpetrators due to a DNA match. The State responded to the petition. According to the State, DNA testing had already been performed on the items, and the results did not give rise to a reasonable probability that Petitioner would not have been convicted of the crimes.

The post-conviction court dismissed the motion to reopen the petition for post-conviction relief on June 11, 2012. The post-conviction court noted, "[I]t appears from the record that DNA testing has already occurred and[,] the results are only minimally helpful to [P]etitioner. Thus, [P]etitioner's request to reopen his Petition for Post Conviction Relief is denied for failure to comply with the requirements of 'the Act.'"

Petitioner appeals.

*Analysis*

Petitioner seeks reversal of the post-conviction court's dismissal of his petition to reopen his post-conviction petition under the Post-conviction DNA Analysis Act.

---

[2]"C.O.D.I.S." stands for Combined DNA Index System, a computer software system that allows DNA information to be shared between various law enforcement agencies. *See, generally Powers v. State*, 343 S.W.3d 36, 45-46 (Tenn. 2011).

Tennessee Code Annotated sections 40-30-301-313 is known as the "Post-Conviction DNA Analysis Act." Under Tennessee Code Annotated section 40-30-303, a petitioner may file a request for forensic DNA analysis in a petition for post-conviction relief at any time. Tennessee Code Annotated section 40-30-304 states:

> After notice to the prosecution and an opportunity to respond, the court shall order DNA analysis if it finds that:
>
> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
>
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

In other words, Tennessee Code Annotated section 40-30-304 applies when the exculpatory results from the DNA analysis would have resulted in no prosecution or no conviction. If the four factors are present, DNA testing pursuant to Tennessee Code Annotated section 40-30-304 is mandatory. Section 305, on the other hand, provides for discretionary testing. T.C.A. § 40-30-305. A post-conviction court may order DNA analysis under section 305 if certain requisite findings are made. In the case herein, Petitioner sought DNA analysis under Tennessee Code Annotated section 40-30-304.

When this Court reviews a post-conviction court's decision determining whether to grant relief under the Post-Conviction DNA Analysis Act, the lower court is afforded considerable discretion and our scope of review is limited. *Sedley Alley v. State*, No. W2006-00179-CCA-R3-PD, 2006 WL 1703820, at *5 (Tenn. Crim. App., at Jackson, June 19, 2006) (citing *Sedley Alley v. State*, No. W2004-01204-CCA-R3-PD, 2004 WL 1196095, at *3 (Tenn. Crim. App., at Jackson, May 26, 2004), *perm. app. denied*, (Tenn. Oct. 4, 2004)); *Raymond Roger Jones v. State*, No. E2003-00580-CCA-R3-PC, 2004 WL 2821300, at *6 (Tenn. Crim. App., at Knoxville, Dec. 3, 2004), *perm. app. denied*, (Tenn. Mar. 21, 2005) (citing *Willie Tom Ensley v. State*, No. M2002-01609-CCA-R3-PC, 2003 WL 186647,

at *3 (Tenn. Crim. App., at Nashville, Apr. 11, 2003)). Prior opinions of this Court on direct appeal, as well as appeals from prior post-conviction petitions or habeas corpus petitions, may be considered by the trial court in reaching its decision. *Sedley Alley*, 2006 WL 1703820, at *5. In addition, "[a] determination of the evidence and surrounding circumstances is necessary to evaluate whether exculpatory results would have prevented prosecution or conviction or would have resulted in a more favorable verdict or sentence." *State v. David I. Tucker*, No. M2002-02602-CCA-R3-CD, 2004 WL 115132, at *2 (Tenn. Crim. App., at Nashville, Jan. 23, 2004). The evidence considered by the lower court may include "the evidence presented at trial and any stipulations of fact made by either party." *Sedley Alley*, 2006 WL 1703820, at *5. Under either the mandatory or discretionary provision, all four elements must be met before DNA analysis will be ordered by the court. *See Sedley Alley*, 2004 WL 1196095, at *2; *William D. Buford v. State*, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *6 (Tenn. Crim. App., at Nashville, Apr. 24, 2003).

Petitioner herein sought DNA analysis of two items: a blanket and a vaginal swab from victim Delois Anderson. Attached to Petitioner's motion was an "Official Serology/DNA Report" for the blanket indicating that it had already been subject to DNA analysis and "added to the CODIS database for forensic unknown samples." Therefore, the sample had already been subject to DNA analysis and failed to satisfy a requirement of Tennessee Code Annotated section 40-30-304(3). The State's response indicated that there were no CODIS "hits" on the blanket sample as of April 2012. As noted by this Court on post-conviction appeal, a new CODIS match might identify the depositor of the biological material on the blanket but could not prove that it was deposited at a time contemporaneous with the crime for which Petitioner was convicted. *See Tony Carruthers v. State*, 2007 WL 4355481, at *38. Consequently, the post-conviction court did not abuse its discretion in denying the motion to reopen the post-conviction petition on the basis of the post-conviction DNA analysis Act with respect to the blanket.

With regard to the vaginal swab from the victim, Petitioner noted that the Serology/DNA Report indicated that there was no semen in the sample but that there was the presence of DNA from an unidentified female individual. The report also indicated that there was no DNA standard submitted for the victim for comparison purposes prior to the analysis. Presumably, the DNA of the unidentified female belongs to the victim. However, even if we assume that DNA analysis results would be exculpatory, *see Powers*, 343 S.W.3d at 55, such results would not create a reasonable probability that the Petitioner would not have been prosecuted or convicted. Any results that identified a female individual would not in any way provide a reasonable probability that the female individual, rather than Petitioner, would have been convicted of murdering the victims. Petitioner is not entitled to relief on this issue.

Petitioner also insists that he was entitled to an evidentiary hearing with the assistance of counsel prior to dismissal of the petition. Because we have determined that Petitioner did not satisfy the requirements of Tennessee Code Annotated section 40-30-304, it is unnecessary for the trial court to conduct a hearing or to order DNA analysis of evidence. *William D. Buford v. State*, 2003 WL 1937110, at *6. Consequently, the judgment of the post-conviction court is affirmed.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE